CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 21 2010

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ANTHONY CHARLES MCGAHA, | Case No. 7:10CV00209 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| R. C. MATHENA, WARDEN, | By: Glen E. Conrad |
| Respondent. | United States District Judge |

Petitioner Anthony Charles McGaha, a Virginia inmate proceeding pro se, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. It is clear from the face of the pleading that McGaha has not exhausted state court remedies as to his claim that he was wrongfully deprived of earned good conduct time pursuant to a prison disciplinary proceeding which violated his constitutional right to due process. Therefore, the court finds that the petition must be summarily dismissed without prejudice.

McGaha alleges the following sequence of events from which his claims arise. On May 29, 2009, he was convicted of committing lewd or obscene acts toward or in the presence of another person, in violation of a prison disciplinary regulation. As penalty for the conviction, McGaha was sentenced to 30 days in isolation and 30 days loss of earned good conduct time credit. He exhausted all administrative appeals within the Virginia Department of Corrections, and at each level, the conviction and penalties were upheld.

McGaha appears to allege that the disciplinary hearing officer violated his due process rights in the following respects: by failing to assign a staff advisor to assist the inmate in preparing for the disciplinary hearing; failing to allow the inmate an opportunity to obtain

witnesses and documentary evidence for his defense, since he was in segregation after the incident; and failing to state the correct disciplinary offense on the charging document.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition challenging a term of confinement under a state court's judgment unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the habeas claim in the highest state court with jurisdiction to consider that claim. In Virginia, a non-death row inmate can exhaust his state remedies as to a sentence miscalculation claim in one of two ways. First, he can file a state habeas petition with the appropriate Circuit Court,[1] with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Second, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them under § 2254. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999). The burden of proving exhaustion lies with the petitioner. See Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) (citing cases).

It is evident from the face of McGaha's petition that he has not presented his current claims to the Supreme Court of Virginia as required for exhaustion under § 2254(b). He states,

---

[1] McGaha first submitted his current petition to the Circuit Court for the City of Roanoke, as indicated by the heading of his petition itself and an attached envelope in which the Circuit Court returned the petition to him. Because McGaha is not challenging his underlying criminal conviction, but rather, the execution of his sentence, he must file his state habeas petition in the Circuit Court with jurisdiction over the respondent, the warden of the institution where he is now confined. KMCC is located in Buchanan County, so McGaha would need to submit his habeas petition, challenging his loss of good conduct time, to the Buchanan Circuit Court, P. O. Box 929, Courthouse, Grundy, VA 24614.

on page four of the petition, "Disciplinary appeal only presented to Department of Corrections." As it is thus clear that his claim has not yet been presented to, and adjudicated by, the Supreme Court of Virginia, the court finds it appropriate to dismiss his § 2254 petition without prejudice.[2] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 21st day of May, 2010.

/s/ Glen E. Conrad
United States District Judge

---

[2] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised that the time for filing a state or federal habeas petition is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2). The federal filing period will not begin to run, however, while any properly filed state post conviction proceeding is pending (such as a properly filed state habeas petition or appeal). § 2244(d)(2).